# **EXHIBIT I**

# **PLAINTIFF'S RESPONSES**
# **TO DEFENDANT'S REQUESTS FOR ADMISSION**

EXHIBIT I

Jonathan D. Lupkin (JL 0792)
RAKOWER LUPKIN PLLC
488 Madison Avenue, 18th Floor
New York, NY 10022
(212) 660-5550
(212) 660-5551 (facsimile)
jlupkin@rakowerlupkin.com

-and-

Robert E. Shapiro (admitted *pro hac vice*)
Wendi E. Sloane (admitted *pro hac vice*)
Sharon E. Calhoun (admitted *pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)
rob.shapiro@bfkn.com
wendi.sloane@bfkn.com
sharon.calhoun@bfkn.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.<br><br>　　　　　　　Plaintiff,<br><br>Vs.<br><br>MY OTHER BAG, INC.<br><br>　　　　　　　Defendant. | CASE NO. 1:14-cv-03419(JMF)<br><br>PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT MY OTHER BAG'S FIRST SET OF REQUESTS FOR ADMISSION |

Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton") hereby serves its answers and objections to Defendant My Other Bag, Inc.'s ("My Other Bag") First Set of Requests for Admissions ("Requests) as follows:

## GENERAL OBJECTIONS

1. Louis Vuitton objects to the Requests and the General Definitions to the extent that they seek the production of information protected by the attorney-client privilege, attorney work product doctrine, and/or any other privilege.

2. Louis Vuitton objects to the Interrogatories and the General Definitions to the extent that they attempt to impose obligations on Louis Vuitton greater than those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York or the rules of this Court.

3. Louis Vuitton objects to the Requests to the extent they are duplicative.

4. These General Objections are expressly incorporated by reference into each and every Answer set forth below, and every Answer is made subject to the foregoing General Objections, and without waiving the same or conceding the relevance, materiality, or admissibility of any information that may be provided in any Answer to a Request.

Louis Vuitton expressly reserves the right to assert additional objections and to supplement, modify or amend the objections and/or Answers contained herein.

## ANSWERS TO REQUESTS FOR ADMISSION

1. Admit that you are not aware of any MOB Product at Issue that is marked with an exact replica of any one of the LV MARKS.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "exact replica." Subject to and without waiving the foregoing

2

objection, and General Objections, Louis Vuitton admits that it is not aware of any MOB Product at Issue that is marked with an identical copy of any of the LV Marks.

2. Admit that you are not aware of any MOB Product at Issue that is marked with an exact replica of any one of the LV COPYRIGHTS.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "exact replica." Subject to and without waiving the foregoing objection, and General Objections, Louis Vuitton admits that it is not aware of any MOB Product at Issue that is marked with an identical copy of any of the LV Copyrights.

3. Admit that you are not aware of any MOB Product at Issue that is marked with the word "Louis Vuitton."

**RESPONSE:** Admitted

4. Admit that you are not aware of any MOB Product at Issue that is marked with the letters "LV."

**RESPONSE:** Admitted

5. Admit that the interlocking letters "MOB" are distinguishable from an interlocking "LV".

**RESPONSE:** Louis Vuitton objects to this Request as (a) vague and ambiguous because whether the interlocking letters "MOB" are distinguishable from the interlocking letters "LV" is dependent on the circumstances and (b) neither relevant nor likely to lead to the discovery of admissible evidence. As the Request fails to point to a specific use of the interlocking letters "MOB" or to the interlocking letters "LV", Plaintiff cannot respond to this Request.

6. Admit that the interlocking letters "MOB" are clearly distinguishable from an interlocking "LV."

**RESPONSE:** Louis Vuitton objects to this Request as (a) vague and ambiguous because whether the interlocking letters "MOB" are clearly distinguishable from the interlocking

3

letters "LV" is dependent on the circumstances and (b) neither relevant nor likely to lead to the discovery of admissible evidence. As the Request fails to point to a specific use of the interlocking letters "MOB" or to the interlocking letters "LV", Plaintiff cannot respond to this Request.

7. Admit that the interlocking letters "MOB" are more distinguishable from an interlocking "LV" than the interlocking letters "CV."

**RESPONSE:** Louis Vuitton objects to this Request as (a) vague and ambiguous because whether the interlocking letters "MOB" are more distinguishable than the interlocking letters "LV" is dependent on the circumstances and (b) neither relevant nor likely to lead to the discovery of admissible evidence. As the Request fails to point to a specific use of the interlocking letters "MOB", the interlocking letters "LV" or the interlocking letters "CV", Plaintiff cannot respond to this Request.

8. Admit that the interlocking letters "CV" are more similar in nature to the interlocking letters "LV" than the interlocking letters "MOB."

**RESPONSE:** Louis Vuitton objects to this Request as (a) vague and ambiguous because whether the interlocking letters "MOB" are more distinguishable than the interlocking letters "LV" is dependent on the circumstances and (b) neither relevant nor likely to lead to the discovery of admissible evidence. As the Request fails to point to a specific use of the interlocking letters "MOB", the interlocking letters "LV" or the interlocking letters "CV", Plaintiff cannot respond to this Request.

9. Admit that as far as you are aware, MOB's Tonal Brown tote bag design does not depict an exact replica of the Damier Ebene as defined by YOU in YOUR Complaint in this action.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "exact replica." Subject to and without waiving the foregoing

objection, and the General Objections, Louis Vuitton admits that MOB's Tonal Brown tote bag does not depict an identical copy of the Damier Ebene trademark.

10. Admit that as far as you are aware, MOB's Nautical tote bag design does not depict an exact replica of the Damier Azure as defined by YOU in YOUR Complaint in this action.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "exact replica." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton admits that MOB's Nautical tote bag does not depict an identical copy of the Damier Azure trademark.

11. Admit that as far as you are aware, MOB's Multi tote bag design does not depict an exact replica of the Multicolore Monogram as defined by YOU in YOUR Complaint in this action.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "exact replica." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton admits that MOB's Multi tote bag does not depict an identical copy of the Multicolore Monogram trademark.

12. Admit that as far as you are aware, MOB's Multi Black tote bag design does not depict an exact replica of the Multicolore Monogram as defined by YOU in YOUR Complaint in this action.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "exact replica." Subject to and without waiving the foregoing objection, Louis Vuitton admits that MOB's Multi Black tote bag does not depict an identical copy of the Multicolore Monogram trademark.

13. Admit that as far as you are aware, MOB's Beckham tote bag design does not depict an exact replica of the Damier Graphite as defined by YOU in YOUR Complaint in this action.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "exact replica." Subject to and without waiving the foregoing

5

objection, and the General Objections, Louis Vuitton admits that MOB's Beckham tote bag does not depict an identical copy of the Damier Graphite trademark.

14. Admit that you are not aware of any MOB Product at Issue that fails to include the words "My Other Bag" on an outside surface.

**RESPONSE:** Admitted.

15. Admit that as far as you are aware, none of the MOB Products at Issue is a replica of any of the LV Products at Issue.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "replica." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton admits that none of the MOB Products at Issue is identical to any of the LV Products at Issue.

16. Admit that as far as you are aware, none of the MOB Products at Issue is a replica of any Louis Vuitton product.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "replica." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton admits that none of the MOB Products at Issue is identical to any Louis Vuitton product.

17. Admit that as far as you are aware, none of the MOB Products at Issue is a counterfeit of any of the LV Products at Issue.

**RESPONSE:** Admitted.

18. Admit that as far as you are aware, none of the MOB Products at Issue is a counterfeit of any Louis Vuitton product.

**RESPONSE:** Admitted.

19. Admit that as far as you are aware, none of the MOB Products at Issue is a knock-off of any of the LV Products at Issue.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "knock-off." Subject to and without waiving the foregoing

6

objection, and the General Objections, Louis Vuitton admits that none of the MOB Products at Issue replicates the overall three dimensional configuration of the LV Products at Issue.

20. Admit that as far as you are aware, none of the MOB Products at Issue is a knock-off of any Louis Vuitton product.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "knock-off." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton admits that none of the MOB Products at Issue replicates the overall three dimensional configuration of the LV Products at Issue.

21. Admit that you are not aware of any evidence of actual confusion between any MOB product and any Louis Vuitton product.

**RESPONSE:** Denied.

22. Admit that you are not aware of any evidence of actual confusion between any of the MOB Products at Issue and any of the LV Products at Issue.

**RESPONSE:** Denied.

23. Admit that you are not aware of any actual confusion by a consumer between MOB products and Louis Vuitton products.

**RESPONSE:** Admitted.

24. Admit that you are not aware of any actual confusion by a consumer between any of the MOB Products and Issue and any of the LV Products at Issue.

**RESPONSE:** Admitted.

25. Admit that you are not aware of any actual confusion by a potential consumer between MOB products and Louis Vuitton products.

**RESPONSE:** Admitted.

26. Admit that you are not aware of any actual confusion by a potential consumer between any of the MOB Products at Issue and any of the LV Products at Issue.

**RESPONSE:** Admitted.

27. Admit that you have not received any communications from consumers inquiring whether a My Other Bag product originated with, is endorsed by, or is associated with Louis Vuitton.

**RESPONSE**: Admitted.

28. Admit that you have not received any communications from potential consumers inquiring whether a My Other Bag product originated with, is endorsed by, or is associated with Louis Vuitton.

**RESPONSE**: Admitted.

29. Admit that you have not received any communications from a consumer inquiring whether one of the MOB Products at Issue originated with, is endorsed by, or is associated with Louis Vuitton.

**RESPONSE**: Admitted.

30. Admit that you have not received any communications from a potential consumer inquiring whether one of the MOB Products at Issue originated with, is endorsed by, or is associated with Louis Vuitton.

**RESPONSE**: Admitted.

31. Admit that you have not received any communications from a consumer inquiring whether one of the LV Products at Issue originated with, is endorsed by, or is associated with My Other Bag.

**RESPONSE**: Admitted.

32. Admit that you have not received any communications from a potential consumer inquiring whether one of the LV Products at Issue originated with, is endorsed by, or is associated with My Other Bag.

**RESPONSE**: Admitted.

33. Admit that you cannot identify a single consumer who has expressed confusion about an association between any My Other Bag product and Louis Vuitton.

**RESPONSE**: Denied.

34. Admit that a consumer or potential consumer cannot buy any of the MOB Products at Issue at the same outlet as any of the LV Products at Issue.

**RESPONSE**: Louis Vuitton objects to this Request as ambiguous as to the meaning of "outlet." Louis Vuitton cannot admit or deny this Request because it lacks knowledge or

8

information sufficient to form a belief as to where MOB products are sold. Louis Vuitton has requested information from MOB in discovery regarding the identity of all of MOB's retail and wholesale distributors, but MOB has not produced all such information.

35. Admit that none of the "company owned and operated boutiques, some of which are located within high-end retail stores such as Neiman Marcus and Saks Fifth Avenue," through which Louis Vuitton products are exclusively sold as described in paragraph 12 of YOUR Complaint in this action, sell any of the MOB Products at Issue.

**RESPONSE**:   Admitted.

36. Admit that compared to the LV Products at Issue, the MOB Products at Issue are inexpensive.

**RESPONSE**: Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "inexpensive." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton admits that the MOB Products at Issue are less expensive than the LV Products at Issue.

37. Admit that the LV Products at Issue are of higher quality than the MOB Products at Issue.

**RESPONSE**:   Louis Vuitton cannot admit or deny this request because it lacks knowledge or information sufficient to form a belief as to the quality of the MOB Products at Issue. Louis Vuitton has requested information from MOB in discovery regarding MOB's manufacturing, but MOB has not produced any such information.

38. Admit that the LV Products at Issue are of a substantially higher quality than the MOB Products at Issue.

**RESPONSE**:   Louis Vuitton cannot admit or deny this request because it lacks knowledge or information sufficient to form a belief as to the quality of the MOB Products at

Issue. Louis Vuitton has requested information from MOB in discovery regarding MOB's manufacturing, but MOB has not produced any such information.

39. Admit that none of the MOB Products at Issue evokes the idealized image of a Louis Vuitton handbag.

**RESPONSE:** Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "idealized image." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton denies this Request as each of the MOB Products at Issue bears an image of a Louis Vuitton handbag.

40. Admit that Louis Vuitton, as of the filing of the Complaint in this action, was not producing a canvas tote bag.

**RESPONSE:**  Denied.

41. Admit that Louis Vuitton, as of the filing of the Complaint in this action, was not offering for sale a canvas tote bag.

**RESPONSE:**  Denied.

42. Admit that Louis Vuitton, as of the date Louis Vuitton first became aware of My Other Bag, was not producing a canvas tote bag.

**RESPONSE:**  Denied.

43. Admit that Louis Vuitton, as of the filing of the Complaint in this action, had no plans to produce a canvas tote bag.

**RESPONSE:**  Denied.

44. Admit that Louis Vuitton, as of the date Louis Vuitton first became aware of My Other Bag, had no plans to produce a canvas tote bag.

**RESPONSE:**  Denied.

45. Admit that Louis Vuitton has never, to your knowledge, produced a canvas tote bag.

**RESPONSE:**  Denied.

46. Admit that as far as you are aware, Louis Vuitton does not produce a bag specifically designed for the average consumer to use at the grocery store.

**RESPONSE:**  Louis Vuitton objects to this Request because it is vague as to the meaning of "average consumer." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton denies this request.

47.  Admit that the average Louis Vuitton consumer is sophisticated.

**RESPONSE:**  Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "sophisticated" and "average Louis Vuitton consumer." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton cannot admit or deny this Request because Louis Vuitton lacks knowledge or information regarding the sophistication of Louis Vuitton consumers because it does not ordinarily compile information regarding the sophistication of its customers.

48.  Admit that the average Louis Vuitton consumer is highly sophisticated.

**RESPONSE:**  Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "highly sophisticated" and "average Louis Vuitton consumer." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton cannot admit or deny this Request because it does not ordinarily compile information regarding the sophistication of its customers.

49.  Admit that the average Louis Vuitton consumer would not believe YOU to be the source of any of the MOB Products at Issue.

**RESPONSE:**  Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "average Louis Vuitton consumer." Subject to and without waiving the foregoing objection, and the General Obligations, Louis Vuitton denies the Request.

50.  Admit that each of the LV Products at Issue is sold for a higher price than each of the MOB Products at Issue.

**RESPONSE:**  Admitted.

51.     Admit that each of the LV Products at Issue is sold for a substantially higher price than each of the MOB Products at Issue.

**RESPONSE:**     Louis Vuitton objects to this Request because it is vague and ambiguous as to the meaning of "substantially." Subject to and without waiving the foregoing objection, and the General Objections, Louis Vuitton admits that the LV Products at Issue are sold for a higher price.

52.     Admit that as of the date of service of these Requests, each of the handbags available from the U.S. Louis Vuitton website in the "HANDBAGS" section http://us.louisvuitton.com/eng-us/women/handbags/to-21) is priced at over $300.

**RESPONSE:**     Admitted.

53.     Admit that as of the date of service of these Requests, no item available from the U.S. Louis Vuitton website in the "HANDBAGS" section is priced under $150.

**RESPONSE:**     Admitted.

54.     Admit that as of the date of service of these Requests, the average price of a handbag available from the U.S. Louis Vuitton website in the "HANDBAGS" section is over $1,000.

**RESPONSE:**     Admitted.

55.     Admit that no Louis Vuitton products are manufactured in the United States of America.

**RESPONSE:**     Denied.

56.     Admit that none of the LV Products at Issue are manufactured in the United States.

**RESPONSE:**     Denied.

57.     Admit that as far as you are aware, John Maltbie is the only Louis Vuitton employee having knowledge of any alleged likelihood of consumer confusion between any My Other Bag product and any Louis Vuitton product.

**RESPONSE:**     Denied.

58.     Admit that as far as you are aware, John Maltbie is the only Louis Vuitton employee having knowledge of any alleged likelihood of consumer confusion between My Other Bag and Louis Vuitton.

12

**RESPONSE:**     Denied.

59.    Admit that as far as you are aware, John Maltbie is the only Louis Vuitton employee having knowledge of any alleged likelihood of consumer confusion as to the source of the MOB Products at Issue.

**RESPONSE:**     Denied.

60.    Admit that as far as you are aware, John Maltbie is the only Louis Vuitton employee having knowledge of any alleged likelihood that a consumer, upon encountering any of the MOB Products at Issue, would believe that product to have originated with Louis Vuitton.

**RESPONSE:**     Denied.

Dated:  December 5, 2014

Respectfully submitted,

By: /s/ *signature*

Robert E. Shapiro (admitted *pro hac vice*)
Wendi E. Sloane (admitted *pro hac vice*)
Sharon E. Calhoun (admitted *pro hac vice*)
BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)
rob.shapiro@bfkn.com
wendi.sloane@bfkn.com
sharon.calhoun@bfkn.com

Jonathan D. Lupkin
RAKOWER LUPKIN PLLC
488 Madison Avenue, 18th Floor
New York, NY 10002
(212) 660-5550
(212) 660-5551 (facsimile)
jlupkin@rakowerlupkin.com

Attorneys for Plaintiff

LOUIS VUITTON MALLETIER S.A.

14

LOUIS VUITTON MALLETIER S.A.

## CERTIFICATE OF SERVICE

I, Sharon E. Calhoun, an attorney, hereby certify that I caused a copy of the foregoing **Plaintiff's Responses and Objections to Defendant My Other Bag, Inc.'s First Set of Requests for Admission** to be served on:

> Brian J. Philpott, Esq.
> Corey A. Donaldson, Esq.
> K. Andrew Kent, Esq.
> Koppel, Patrick, Heybl & Philpott
> 2815 Townsgate Road, Suite 215
> Westlake Village, CA 91361
> bphilpott@koppelpatent.com
> cdonaldson@koppelpatent.com
> akent@koppelpatent.com

via email and first class mail, this 5th day of December, 2014.

_____
Sharon E. Calhoun