Jonathan D. Lupkin (JL 0792)
RAKOWER LUPKIN PLLC
488 Madison Avenue, 18th Floor
New York, NY 10022
(212) 660-5550
(212) 660-5551 (facsimile)
jlupkin@rakowerlupkin.com

-and-

Robert E. Shapiro (admitted *pro hac vice*)
Wendi E. Sloane (admitted *pro hac vice*)
Sharon E. Calhoun (admitted *pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)
rob.shapiro@bfkn.com
wendi.sloane@bfkn.com
sharon.calhoun@bfkn.com

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A. <br><br> Plaintiff, <br><br> vs. <br><br> MY OTHER BAG, INC. <br><br> Defendant. | CASE NO. 1:14-cv-03419(JMF) <br><br> **PLAINTIFF'S (REDACTED) RESPONSES AND OBJECTIONS TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1** |

Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton") hereby serves its answers and objections to Defendant My Other Bag, Inc.'s ("My Other Bag") Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("Statement") as follows:

**GENERAL OBJECTIONS**

Louis Vuitton objects to My Other Bag's Statement on the grounds set forth below. Rather than restating each of these general objections in full in response to each of My Other Bag's statements, Louis Vuitton states them in full here and incorporates them by reference in their responses to each of My Other Bag's paragraphs.

**GENERAL OBJECTION NO. 1:** Louis Vuitton objects to My Other Bag's Statement because the Statement fails to comply with the requirements of Local Fed. R. Civ. P. 56.1(d). Rule 56.1(d) requires that "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b) … must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." My Other Bag's Statement violates the rule in two respects. First, many of My Other Bags statements of fact are not followed by a citation to evidence. Further, in many instances where there are citations, the cited evidence does not support the asserted fact. Second, My Other Bag's Statement is not limited to assertions of fact but contains statements of legal conclusions.

According to Fed. R. Civ. P. 56(e), if a movant fails to properly support or address a fact, the court may issue an appropriate order. Consequences for such failures range from requiring the party to re-submit its statement with the proper support to striking the unsupported fact from the record. *See* Fed. R. Civ. P. 56(e)(1)-(4); *Rus, Inc. v. Bay Indus.*, 322 F. Supp. 2d 302, 307 (S.D.N.Y. 2003) ("To the extent that an affidavit or declaration contains material that does not comply with Rule 56, the Court may strike those portions, or may simply disregard them.") Neither Louis Vuitton nor this Court should be required to parse through each statement and attempt to match up citations that may support it. As a result, Louis Vuitton asks this Court to strike or disregard every statement that is not followed by specific citations in support thereof or where the citation does not support the stated fact. *Rus, Inc. v. Bay Indus., Inc.*, 322 F. Supp. 2d

302, 307 (S.D.N.Y. 2003) ("[R]ather than parsing each challenged declaration to determine which portions to strike, the Court will disregard any statements that do not comport with Rule 56(e)."). *See also Jewell-Rung Agency, Inc. v. Haddad Org., Ltd.*, 814 F. Supp. 337, 339 (S.D.N.Y. 1993). In the alternative, Louis Vuitton asks this Court to require My Other Bag to re-file its 56.1 Statement with proper citations to the record following each statement. In addition to this General Objection, Louis Vuitton has filed a motion to strike the declaration of Tara Martin because it violates Rule 56(e) in several respects.

**GENERAL OBJECTION NO. 2:**

Louis Vuitton also objects to My Other Bag's Statement because it relies, in part, on the declaration of its proffered expert witness, William Locander ("Locander Declaration"). Louis Vuitton has already moved to exclude the testimony of Mr. Locander because it does not comply with the requirements of FRE 408. Louis Vuitton asks this Court to strike or disregard all statements that rely on the Locander Declaration.

Further, Louis Vuitton objects to the Locander Declaration because it was submitted months after the close of expert discovery and seeks to add to, re-summarize, and in some places contradict his earlier expert report and deposition testimony. Under the requirements of Federal Rule of Civil Procedure 26(a)(2), by the February 2, 2015 deadline, My Other Bag was required to submit:

    (i)    a *complete* statement of all opinions the witness will express and the basis and reasons for them;

    (ii)    the facts or data considered by the witness in forming them;

    (iii)    any exhibits that will be used to summarize or support them;

    (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Therefore, whereas at the time of summary judgment parties may submit a declaration from its expert purely for the evidentiary purpose of authenticating his expert report, it is improper to offer a declaration that supplements or re-summarizes the expert's report or testimony. William Locander's declaration attached to My Other Bag's motion for summary judgment adds to, re-summarizes, and in some places contradicts the opinions in the February 2, 2015 Locander Report and are submitted months after the deadline set for the disclosure of those opinions. As a result of My Other Bag's failure to disclose these opinions and summaries earlier, Louis Vuitton is, among other things, denied the opportunity to depose Mr. Locander on those opinions and summaries. Therefore, My Other Bag's untimely expert declaration, submitted in violation of the expert deadline set by this Court's and Fed. R. Civ. P. 26(a)(2), should be stricken and/or disregarded.

To the extent that the substantive materials in Mr. Locander's declaration add nothing new, they should be stricken because they are redundant and irrelevant.

**GENERAL OBJECTION NO. 3:** Louis Vuitton objects to My Other Bag's Statement in whole and in part because it improperly mischaracterizes the evidence referenced and/or are totally unsupported by the citations offered and the record.

**RESPONSES TO MOB'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

I. **THE PARTIES**

A. **Louis Vuitton**

1. Plaintiff Louis Vuitton Malletier, S.A. ("LV") is a French *societe anonyme* [*sic*]. LV is engaged in the manufacture, importation, sale, and distribution of prestigious merchandise including luxury handbags. Complaint at 5.

4

**RESPONSE:** Louis Vuitton does not dispute the statements in this paragraph.

2. Founded in Paris in 1854, LV is one of the premier luxury fashion houses in the world. Today LV is well known for its high quality handbags. Complaint at 11.

**RESPONSE:** Louis Vuitton does not dispute the statements in this paragraph.

3. LV is a wholly owned subsidiary of LVMH Moet Hennessy Louis Vuitton, S.A. ("LVMH"). *See* Declaration of Brian Philpott dated April 14, 2015 ("Philpott Decl."), Exhibit F.

**RESPONSE:** Louis Vuitton does not dispute the statements in this paragraph.

4. In 2014, LV itself had a media spend in the United States alone of over ▮ million. *See* Philpott Decl., Exhibit J.

**RESPONSE:** Louis Vuitton does not dispute the statements in this paragraph.

5. LV advertises in ▮ regional and national print publications, as well as on television and online. *See* Philpott Decl., Exhibit J.

**RESPONSE:** Louis Vuitton does not dispute the statements in this paragraph.

6. LV sells products in over 450 exclusive stores in over 62 countries with an imposing architectural presence at the center of most of the world's cultural capitals.

**RESPONSE:** As stated more fully in General Objection No. 1, Louis Vuitton objects to the statements in this paragraph because they are not supported by citations to admissible evidence. Subject to and without waiving the foregoing objection, Louis Vuitton does not dispute that it sells products in over 450 stores owned by Louis Vuitton in over 62 countries. Louis Vuitton disputes that it has "an imposing architectural presence at the center of most of the world's cultural capitals." My Other Bag does not offer any citation to admissible evidence for this conclusory statement, therefore it should be stricken.

7. LV partners with celebrities like Angelina Jolie, Sean Connery, Mikhail Gorbachev, and Bono. Complaint at 13.

**RESPONSE:** Louis Vuitton does not dispute that it has partnered with Angelina Jolie, Sean Connery, Mikhail Gorbachev and Bono in its advertising campaigns.

8. LV conducts extensive book publishing, art and fashion events, and other such expressive activities to serve its marketing goals.

**RESPONSE:** As stated more fully in General Objection No. 1, Louis Vuitton objects to the statements in this paragraph because they are not supported by citations to admissible evidence. Subject to and without waiving the foregoing objection, LV does not dispute that its marketing and promotional activities include art and fashion events and that the Louis Vuitton brand has been the subject of several publications. Louis Vuitton disputes the characterization of its marketing and promotional activities as "expressive activities." This unsupported statement should be stricken or disregarded.

9. The LV brand ranks in the top 15 in brand contribution, "a metric that quantifies the strength of a brand exclusively, without financial or other elements," among others such as Coca-Cola and Rolex. *See* Philpott Decl. Exhibit G.

**RESPONSE:** Louis Vuitton does not dispute the statements in this paragraph.

10. The 2014 value of LVMH was estimated at $22,552,000,000 by Interbrand and $25,873,000,000 by Brandz, Inc. *See* Philpott Decl. Exhibits F and G.

**RESPONSE:** Louis Vuitton does not dispute the statements in this paragraph.

B. **My Other Bag**

11. Defendant My Other Bag is a California corporation founded in 2011. My Other Bag is engaged in the sale of plain canvas tote bags which are the subject of this lawsuit (the "Products at Issue"). *See* Declaration of Tara Martin dated April 14, 2015 ("Martin Decl."), ¶2.

**RESPONSE:** Subject to the General Objections, Louis Vuitton does not dispute that Defendant My Other Bag is a California corporation founded in 2011 and that it is engaged in the sale of canvas tote bags. As stated more fully in General Objections 1 and 3, Louis Vuitton

objects to and disputes the characterization of My Other Bag's tote bags as "plain," as it is unsupported by the Martin Declaration cited in support of this paragraph and contradicted by My Other Bag's characterizations of the Products at Issue. The Products at Issue are not "plain" canvas. The entire front side of each of the Products at Issue bears a large rendering of a Louis Vuitton handbag bearing studied imitations of Louis Vuitton's famous trademarks. (LV SOF 47, Calhoun Decl., Exhibit 25, My Other Bag Website Excerpts, at LVMA001460-62; LVMA001477-78; LVMA001469-70; LV SOF, Calhoun Decl., Exhibit *7*, Louis Vuitton Website Excerpts, at LVMA000820; LVMA000829; Dkt. 2, p.12.)

My Other Bag has described its tote bags to consumers as having a "high-fashion designer look," having a "fun and colorful pattern print," and as being "chic," having a "trendy pattern," and a "very classic look." (LV SOF 86, Calhoun Decl., Exhibit 45 at LVMA0000852, LVMA0000855; LV SOF 64, Calhoun Decl., Exhibit 25 at LVMA0001303; LVMA0001460-62; LVMA0001469-70; LVMA0001477-78; LVMA0001390-93.)

12. The name "My Other Bag" has its origins in the old ubiquitous joke found on bumper stickers on inexpensive cars, stating that "My Other Car … is a Jaguar" or any other high-end automobile. *See* Martin Decl. 113 [*sic*]; see also Philpott Decl. Exhibit H.

**RESPONSE:** Subject to the General Objections, Louis Vuitton does not dispute that the name "My Other Bag" is a reference to the catchphrase "My Other Car…is a Jaguar" that has been found on bumper stickers. As stated more fully in General Objections 1 and 3, Louis Vuitton objects to and disputes the unsupported statement in this paragraph that the expression "My Other Car…is a Jaguar" is an "old ubiquitous joke" because the Martin declaration and Philpott declaration cited are insufficient to establish this statement. The Martin declaration states only that the company name "My Other Bag" is a reference to the saying "My Other Car…is a Jaguar." This statement does not establish that the catchphrase, "My Other Car…is a

7

Jaguar," is ubiquitous. Similarly, the Philpott Declaration does not establish that "My Other Car….is a Jaguar" is a ubiquitous joke. The email that declaration uses as support merely states that "Idea is like the bumper stickers that say 'My other car is a _____.'" The bare assertion that "My Other Car…is a Jaguar" is "ubiquitous" is not supported by evidence and should be stricken or disregarded.

## II.   LOUIS VUITTON AND ITS PRODUCTS

13.   The average LV handbag sold on LV's website (www.louisvuitton.com) costs over $1,000. *See* Complaint at 12, Philpott Decl. Exhibit I, ¶54.

**RESPONSE:**   Louis Vuitton does not dispute the statements in this paragraph.

14.   Over the past few years, Louis Vuitton has placed greater emphasis on higher-end products and enhancing its retail experience. In 2014, LV cut back on its "less expensive" products in an effort to reinforce the brand's exclusivity. *See* Philpott Decl. Exhibit G.

**RESPONSE:**   Louis Vuitton does not dispute the statements in this paragraph.

15.   In order to maintain the image of the LV brand, LV products are sold exclusively through company owned and operated boutiques, some of which are located within high-end retail stores such as Neiman Marcus and Saks Fifth Avenue, and through the Louis Vuitton website at www.louisvuitton.com. Complaint at 12.

**RESPONSE:**   Louis Vuitton does not dispute the statements in this paragraph.

## III.   MY OTHER BAG PRODUCTS

16.   My Other Bag sells the Products at Issue, which are plain canvas tote bags. Five of the Products at Issue are being provided to the Court as physical exhibits. See Philpott Decl., Exhibits A-E.

**RESPONSE:**   Subject to the General Objections, Louis Vuitton does not dispute that My Other Bag sells the Products at Issue. As stated more fully in General Objections 1 and 3, Louis Vuitton objects to and disputes the characterization of My Other Bag's tote bags as "plain," as it is entirely unsupported by the citation to the Philpott Declaration and contradicted

8

by My Other Bag's prior characterizations of the Products at Issue. My Other Bag has described its tote bags to consumers as having a "high-fashion designer look," having a "fun and colorful pattern print," and as being "chic," having a "trendy pattern," and a "very classic look." (LV SOF 86, Calhoun Decl., Exhibit 45 at LVMA0000852, LVMA0000855; LV SOF 64, Calhoun Decl., Exhibit 25 at LVMA0001303; LVMA0001460-62; LVMA0001469-70; LVMA0001477-78; LVMA0001390-93.)

17. None of the Products at Issue replicates the overall three dimensional configuration of an LV product. *See* Philpott Decl., Exhibit I, ¶19.

**RESPONSE:** Subject to the General Objections, Louis Vuitton does not dispute the statements in this paragraph.

18. The Products at Issue cost about $6 to $11 to produce, depending on style. *See* Martin Decl., Decl., ¶14 [*sic*].

**RESPONSE:** Louis Vuitton does not dispute the statements in this paragraph.

19. Each of the Products at Issue retails for $35 to $55, depending on style. *See* Martin Decl., ¶5.

**RESPONSE:** Louis Vuitton does not dispute to the statements in this paragraph.

20. Each of the Products at Issue is labeled with the source identifier "My Other Bag..." in large letters on one side. My Other Bag does not use any other source identifiers. *See* Martin Decl., ¶¶6 and 7.

**RESPONSE:** Subject to the General Objections, Louis Vuitton does not dispute that each of the Products at Issue is labeled with the source identifier "My Other Bag…" on the back side of the bag. Louis Vuitton disputes that "My Other Bag…" is My Other Bag's sole source identifier because the record does not support, and in fact contradicts, this statement. Accordingly, Louis Vuitton has filed a motion to strike Paragraph 7 of the Martin Declaration cited in this statement. Ms. Martin has testified that consumers recognize My Other Bag as the

source of the Zoey, London, and Beckham tote bags *from the renderings of Louis Vuitton handbags* on the bags. (LV SOF 88, Calhoun Decl. Exhibit 3, Martin Dep. Tr. 89:6-90:3.)

Also, MOB alters the Toile Monogram to create its own monogram trademark by substituting the stylized, interlocking "LV" for a similar stylized, interlocking "MOB" on the handbag renderings on My Other Bag's Zoey tote bag style. (LV SOF 58, Calhoun Decl., Exhibit 25, My Other Bag Website Excerpts, at LVMA001460-62; LVMA0001485-86; LVMA0001493-94; LVMA0001501-02.) My Other Bag makes the same substitution of "MOB" for "LV in the Monogram Multicolore Copyright and Toile Monogram Trademark on the rendering that appears on the London tote bag style. *Id.*

Similarly, on the front side of My Other Bag's Beckham tote bags, which bear near identical renderings of the Damier Trademarks, My Other Bag has substituted the words "My Other Bag" for "Louis Vuitton Paris" in tiny letters on roughly 5% of the squares. (LV SOF 59, Calhoun Decl., Exhibit 25, MOB Website excerpts, at MOB01303; Calhoun Decl., Exhibit 36, at MOB01011.)

21. On the other side, each of the Products at Issue contains a cartoonish rendering of an altered designer handbag, juxtaposing the altered image of luxury with the plainness of the canvas bag upon which it is printed. *See* Martin Decl., ¶8.

**RESPONSE:** Subject to the General Objections, Louis Vuitton does not dispute that each of the Products at Issue contains a large rendering of a Louis Vuitton handbag bearing studied imitations of Louis Vuitton's famous trademarks. As stated more fully in General Objection 1, Louis Vuitton objects to any additional statements in this paragraph because the Martin Declaration cited in support of the statements lacks a factual basis and is conclusory and insufficient to establish the statements of this Paragraph.

In particular, Louis Vuitton objects to and disputes the characterization of the renderings on the Products at Issue as "cartoonish." The Martin Declaration does not state any admissible

10

facts to support that the renderings on the Products at Issue are "cartoonish." The Martin Declaration's conclusory characterization of the renderings as "cartoonish" is insufficient to establish that assertion as a fact and should be disregarded. Fed R. Civ. Pr. 56(e); *see also BellSouth Telecomms. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1995) ("It is not sufficient merely to assert a conclusion without supplying supporting arguments or facts…Such conclusory statements are insufficient to raise a triable issue of material fact, and hence [are] properly disregarded.)

The renderings on the Products at Issue are not "cartoonish." My Other Bag's renderings are all studied imitations of Louis Vuitton handbags and the Louis Vuitton Trademarks and Copyrights. My Other Bag's artist, Daniel Venzke, researched and studied the Louis Vuitton Trademarks and Copyrights when creating the renderings. (LV SOF 55, Calhoun Decl., Exhibit 4, Venzke Dep. Tr. 23:7-25:10.) At one point, Mr. Venzke and Ms. Martin even contemplated visiting a Louis Vuitton store to photograph Louis Vuitton's handbags so that MOB could accurately create the renderings of Louis Vuitton's handbags for use on MOB's canvas tote bags. (LV SOF 56, Calhoun Decl., Exhibit 34, October 2011 E-mails, at MOB 007175-82.)

The artistic renderings contain only slight alterations to the Stylized Flower Trademarks of the Toile Monogram Trademark and Monogram Multicolore Trademarks while substituting the initials "MOB" for "LV" in the monogram on its Zoey and London totes. (LV SOF 58, Calhoun Decl., Exhibit 25, at LVMA001460-62; LVMA0001485-86; LVMA0001493-94; LVMA0001501-02.) MOB made only one minor alteration to the Damier Trademark. (LV SOF 59, Calhoun Decl., Exhibit 25 at MOB01303; Calhoun Decl., Exhibit 36 at MOB01011.) Its "London – Tonal Brown" bag copies almost exactly the distinctive contrasting light and dark brown colors of the checkered pattern on Louis Vuitton's NEVERFULL® Damier Ebene tote

11

bag. *Id.* The only minor alteration My Other Bag made was to substitute the words "My Other Bag" for "Louis Vuitton Paris" in tiny letters on roughly 5% of the squares. *Id.*

My Other Bag's intent in altering the Louis Vuitton Trademarks was to change them just enough to minimize the risk of liability for trademark infringement while maintaining enough of a likeness of the Louis Vuitton Trademarks so that consumers would associate MOB's products with Louis Vuitton. (LV SOF 57, Calhoun Decl., Exhibit 3, Martin Dep. 73:17-74:1; Calhoun Decl., Exhibit 4, Venzke Dep. Tr. 28:22-29:10, 32:22-24, 34:24-35:3; Calhoun Decl., Exhibit 35 at MYOB 00033-00036.)

For similar reasons, Louis Vuitton objects to and disputes My Other Bag's statement that the Products at Issue "juxtapos[e] the altered image of luxury with the plainness of the canvas bag upon which it is printed." The Martin Declaration does not support this conclusory assertion with any admissible facts and it should be disregarded. In any event, the altered Louis Vuitton Trademarks and Copyrights on the Products at Issue were not intended to juxtapose the image of luxury with the plainness of canvas. My Other Bag aligns itself with, not rejects, the image of luxury. For example, on My Other Bag's website, Ms. Martin describes her products as "a reflection of my passion for handbags," explaining:

> My Other Bag is an *ode to handbags women love, bags that are the fabric of our culture and history*. Every woman has her go to bag, her dream bag, her going out bag. *My Other Bag is a perfect complement to these bags we love!* Carry it *in addition to your designer handbag* or alone as you tackle your day's "To Do List." The grocery store, the gym, errands, hopping on a plane, packing for a weekend away. It's the perfect other bag!

(emphasis added) (LV SOF 37, Calhoun Decl., Exhibit 25, My Other Bag Website Excerpts, at LVMA0001390-93.)

My Other Bag also seeks to associate itself with luxury, designer goods, and a high fashion lifestyle in its marketing and promotional activities. (LV SOF 38, Dkt. No. 25, Def.'s Answer, at ¶ 46; Calhoun Decl., Exhibit 27, at MOB002718; Calhoun Decl., Exhibit 26, at MYOB003431; LV SOF 63, Calhoun Decl., Exhibit 25, My Other Bag Website Excerpts, at LVMA 1390; LV SOF 43, Calhoun Decl., Exhibit 29, My Other Bag Social Media Excerpts, at MOB000450.)

22. None of the Products at Issue contains an identical copy of any LV trademark or copyright. *See* Philpott Decl., Exhibit I, ¶¶1 and 2.

**RESPONSE:** Subject to the General Objections, Louis Vuitton does not dispute the statements in this paragraph.

23. The artwork on each of the Products at Issue includes alterations to the parodied product so as to make the joke even more obvious than it already is through the juxtaposition previously discussed. *See* Martin Decl., ¶10.

**RESPONSE:** In addition to the General Objections, Louis Vuitton objects to the statements in this paragraph because they state a conclusion of law. *See BellSouth Telecomms.*, 77 F.3d at 615 (legal conclusions insufficient on summary judgment). In particular, Louis Vuitton objects to and disputes the characterization of Louis Vuitton's products as the "parodied product." Whether the Products at Issue are a parody of Louis Vuitton products is an issue of law. My Other Bag's statements which purport to establish this issue of law should be disregarded. In addition to this objection, My Other Bag has filed a motion to strike Paragraph 10 of the Martin Declaration on which this statement relies.

Louis Vuitton also objects to the statement that the Products at Issue are intended as a joke because the record does not support, and in fact contradicts, this statement. Tara Martin admits that the Products at Issue do not make a joke directed at Louis Vuitton. Ms. Martin

13

testified that MOB's tote bags are intended to be like the bumper sticker "My other car is a Jaguar." But she testified that this makes a joke about the car bearing the bumper sticker, not the Jaguar brand. (LV SOF 91, Calhoun Decl. Ex. 3, Martin Dep. Tr. at 60:18-61:12.) As such, Ms. Martin has conceded that the Products at Issue are not a comment or criticism of Louis Vuitton. (*Id.* at 64:11-65:6.)

Rather than a joke, the Products at Issue are "a reflection of [Tara Martin's] passion for handbags," (LV SOF 36, Calhoun Decl., Exhibit 25, My Other Bag Website Excerpts, at LVMA0001390-93; Calhoun Decl., Exhibit 26, Designer Bio Questionnaire, at MYOB003430-32.) My Other Bag's intent behind using renderings of designer bags, including Louis Vuitton's designs, was to attract consumers who recognize, appreciate, and covet designer bags. (LV SOF 36, Calhoun Decl., Exhibit 25, My Other Bag Website Excerpts, at LVMA0001390-93; LV SOF 39, Calhoun Decl., Exhibit 3, Martin Dep. Tr. 115:22-116:2; Calhoun Decl., Exhibit 27, MOB 2718.)

Additionally, Louis Vuitton objects to the characterization that the intent in the alterations was to "make the joke more obvious" because the record does not support, and in fact contradicts, this statement. First, as discussed above, the Products at Issue were not intended as a joke. Second, My Other Bag's intent in altering the Louis Vuitton Trademarks was to change them just enough to minimize the risk of liability for trademark infringement while maintaining enough of a likeness of the Louis Vuitton Trademarks so that consumers would associate MOB's products with Louis Vuitton. (LV SOF 57, Calhoun Decl., Exhibit 3, Martin Dep. 73:17-74:1; Calhoun Decl., Exhibit 4, Venzke Dep. Tr. 28:22-29:10, 32:22-24, 34:24-35:3; Calhoun Decl., Exhibit 35 at MYOB 00033-00036.)

## IV. CONSUMER PERCEPTION OF THE PRODUCTS AT ISSUE

24. Approximately 10,000 of the Products at Issue have been sold over about the past two years. *See* Martin Decl., ¶11.

**RESPONSE:** General Objections, Louis Vuitton does not dispute the statements of this paragraph.

25. My Other Bag has received no communications from consumers or potential consumers with regard to confusion with Louis Vuitton ("LV"). *See* Martin Decl., ¶12.

**RESPONSE:** Subject to the foregoing General Objections, Louis Vuitton disputes the statements of this paragraph because the record does not support, and in fact contradicts, this statement. My Other Bag has received communications from consumers or potential consumers with regard to confusion. My Other Bag's online customers have referred to the London, Zoey and Beckham tote bags as the "LV" or "Louis Vuitton bag" in social media communications with My Other Bag. (LV SOF 81, Calhoun Decl., Exhibit 29, My Other Bag Social Media Excerpts, at MOB001054, MOB001064-65, MOB001074-77, MOB000298, MOB000108-9, LVMA0006609, LVMA0006603; Calhoun Decl., Exhibit 3, Martin Dep. Tr. 202:19-25.)

For example, One potential customer posted the following to My Other Bag's page on the social media website, Instagram, "@myotherbag *do you have the bigger bag w: the Louis designer shown bottom right available?* I looked online and couldn't find it. Thanks !" (emphasis added). (LV SOF 82, Calhoun Decl., Exhibit 29, My Other Bag Social Media Excerpts, at LVMA0006593.)

Another customer wrote on Instagram," "Wore @myotherbag #lvprint at my meetings @mtv-got so many compliments!!!" (LV SOF 83, Calhoun Decl., Exhibit 29, My Other Bag Social Media Excerpts, at MOB000226.)

A prospective My Other Bag customer sent the following email to My Other Bag seeking information on one of MOB's Zoey, London, or Beckham tote bag styles:

15

"Hello!, [*sic*] just love your bags!!! *I saw the LV ones on Myhabit but unfortunately, they have sold out.* Do you ship to New Zealand and if so, how much is it?

(emphasis added) (LV SOF 84, Calhoun Decl., Exhibit 43, at MOB00968.)

Yet another email from a My Other Bag customer states, "I just want to let you know I purchased my first tote the other day and I think these are fabulous. *I have a [sic] LV Speedy and I treat it like a child* – having a canvas tote with style is the perfect in between and I fully intend on purchasing multiple bags for Christmas presents." (emphasis added) (LV SOF 85, Calhoun Decl., Exhibit 44, at MOB00923.)

26. LV is unaware of any confusion by a consumer or potential consumer relating to LV products and the Products at Issue. *See* Philpott Decl., Exhibit I, ¶¶23-32.

**RESPONSE:** Subject to the General Objections, Louis Vuitton disputes the statements in this paragraph because the record does not support, and in fact contradicts, this statement. There has been confusion as to source, sponsorship or affiliation regarding the Products at Issue. *See* LV Resp. to MOB SOF ¶25.

27. My Other Bag has received no communications from consumers or potential consumers with regard to sponsorship of My Other Bag by Louis Vuitton, or with regard to a business association between My Other Bag and Louis Vuitton. *See* Martin Decl., ¶¶13.

**RESPONSE:** Subject to the General Objections, Louis Vuitton disputes the statements in this paragraph because the record does not support, and in fact contradicts, this statement. There has been confusion as to source, sponsorship or affiliation regarding the Products at Issue. *See* LV Resp. to MOB SOF ¶25.

28. My Other Bag is unaware of any instances of consumer confusion with regard to the source of the Products at Issue.

**RESPONSE:** Subject to the General Objections, Louis Vuitton disputes the statements in this paragraph because the record does not support, and in fact contradicts, this

16

statement. There has been confusion as to source, sponsorship or affiliation regarding the Products at Issue. *See* LV Resp. to MOB SOF ¶25.

## LOUIS VUITTON'S STATEMENT OF ADDITIONAL FACTS

1. Ms. Martin has conceded that the quality of Louis Vuitton's products is superior to My Other Bag's. In Ms. Martin's own words, the difference in quality between the products is "night and day." (LV SOF, Calhoun Decl., Ex. 3, Martin Dep. Tr. 141:3-5.)

2. MOB's founder admitted that she always loved the brand, that is, until LV filed this lawsuit. (LV SOF, Calhoun Decl. Ex. 3, Martin Dep. Tr. 63:21-64:10.)

3. During his deposition, Mr. Locander testified that the MOB tote bags are a social commentary that pokes fun of conspicuous consumption, and Louis Vuitton is simply a symbol of conspicuous consumption. (Attached as **Exhibit A**, Declaration of Sharon E. Calhoun, Ex. 46, Deposition Tr. of William Locander, pp. 89:25-92:14.)

4. Mr. Locander testified that MOB's attempted parody can be achieved using other luxury brands as a symbol; therefore, Louis Vuitton is not necessary to achieve the parodic effect. (*Id.* at 113:3-9.)

5. The landing page of MOB's website, the first page customers view when they log-on to the site, features two full-page images of sharply dressed women carrying Louis Vuitton handbags. (Calhoun Decl., Ex. 25, My Other Bag Website Excerpts, at LVMA0007190-93.)

Dated: May 22, 2015

Respectfully submitted,

By: /s/ Robert E. Shapiro

Robert E. Shapiro (admitted *pro hac vice*)
Wendi E. Sloane (admitted *pro hac vice*)
Sharon E. Calhoun (admitted *pro hac vice*)
Hannah Y. Jurowicz (admitted *pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP
200 W. Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)
rob.shapiro@bfkn.com
wendi.sloane@bfkn.com

17

sharon.calhoun@bfkn.com
hannah.jurowicz@bfkn.com
Jonathan D. Lupkin
RAKOWER LUPKIN PLLC
488 Madison Avenue, 18th Floor
New York, NY 10002
(212) 660-5550
(212) 660-5551 (facsimile)
jlupkin@rakowerlupkin.com

Attorneys for Plaintiff
LOUIS VUITTON MALLETIER S.A.

1075525.v2

# CERTIFICATE OF SERVICE

I, Sharon E. Calhoun, an attorney, hereby certify that I caused a copy of the foregoing **Plaintiff's (Redacted) Responses and Objections to Defendant My Other Bag, Inc.'s Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1** to be served on:

> Brian J. Philpott, Esq.
> Corey A. Donaldson, Esq.
> K. Andrew Kent, Esq.
> Koppel, Patrick, Heybl & Philpott
> 2815 Townsgate Road, Suite 215
> Westlake Village, CA  91361
> bphilpott@koppelpatent.com
> cdonaldson@koppelpatent.com
> akent@koppelpatent.com

via the Court's ECF system this 22nd day of May, 2015.

/s/ Sharon E. Calhoun
Sharon E. Calhoun