# MILLER KORZENIK SOMMERS LLP

488 MADISON AVENUE NEW YORK, NEW YORK 10022-5702
TEL. 212-752-9200 • FAX 212-688-3996 • WWW.MKSLEX.COM

June 12, 2015                                         **VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court, S.D.N.Y.
40 Centre Street, Room 2202
New York, New York 10007

Re: <u>Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.</u>, **14-CV-3419 (JMF)**
     Letter Pursuant to Order Regarding Redacted Documents Filed in Connection
     with Plaintiff's and Defendant's Motions for Summary Judgment

Dear Judge Furman:

      We represent Defendant My Other Bag, Inc. ("MOB").

      We write pursuant to Your Honor's order (Doc. 68) regarding the redacted filings made on behalf of MOB by Plaintiff ("LV"), and the redacted filings we have made on behalf of LV, with regard to the summary judgment motions before the Court. We do not oppose the release of all material redacted by LV on behalf of MOB. Further, we request that Your Honor order the release from confidentiality of the limited excerpts from Plaintiff's witness deposition testimony and limited discovery material that we have filed pursuant to Your Honor's Individual Rule and Practice in Civil Cases 6(B).

      Both the deposition transcript of Plaintiff's witness John Maltbie and exhibits referred to therein had been marked as confidential pursuant to agreement between the parties. Before filing the moving papers in support of MOB's motion for summary judgment, we sought from Plaintiff's counsel the release of limited excerpts of these materials from confidentiality. But Plaintiff's counsel did not give consent to file any of the material, and in some cases expressly maintained the confidential designation.[1]

      Defendant cited to this material to establish facts about LV's marketing strategy in the United States, the lack of any lost LV sales or diminished brand status due to MOB's bags, and the quality of LV's coated canvas bags. See Unredacted Declaration

---

[1] On April 13 and 14, 2015, we gave our consent to LV's requests to publicly file Defendant material previously designated as confidential. After 8PM Eastern Time on April 14—the date the parties' moving papers were due—LV requested the release of further material. Given the midnight filing deadline, we did not have an appropriate amount of time to review this material and obtain consent from MOB, and as such could not respond. However, MOB does not oppose the release of this material now.

of Brian J. Philpott, Exhibit J, at 8–9 (Maltbie Deposition at 26:17—27:22), 10–12 (66:21 – 68:4), 14 (135:9 – 135:21), and 53-66 (Exhibit 112).  See also Unredacted Opposition Declaration of Brian J. Philpott, Exhibit 2 at 6-7 (Maltbie Deposition at 118:12 – 119:12).

Out of respect for the confidentiality agreement and absent LV's express consent to release, we filed redacted versions of the documents citing to this material.  See Docs. 60-10, 73, 80, 89-2, 92, 93, 95, 102.  We also maintained Plaintiff's redactions from its Local Civil Rule 56.1 statements when filing our response and reply statements.  See Docs. 92 at 12–13, 15, 20–21, 44, 47, 57; 102 at 4.

However, Defendant recognizes that "the rights involved" here "are the rights of the public," and that "the mere fact that information is subject to a confidentiality agreement between litigants . . . is not a valid basis to overcome the presumption in favor of public access to judicial documents."  *Song v. Glocap Search LLC*, No. 14–CV–1108 (JMF), 2015 WL 1344788, at *7 (S.D.N.Y. Mar. 24, 2015) (Furman, J.) (citing *Dandong v. Pinnacle Performance Ltd.*, No. 10–CV–8086 (JMF), 2012 WL 6217646, at *2 (S.D.N.Y. Dec. 3, 2012) (internal quotation marks omitted)).

We believe Plaintiff has no legitimate basis to insist on the continued confidentiality of any of this material now that these facts are under judicial deliberation—and in substantive, dispositive motions at that.  The cited material contains record facts pertaining to Plaintiff's lack of lost sales and lack of any diminished brand status, and the signal differences between LV's and MOB's bags—facts that the Court should consider in its analysis of the outstanding motions. [2]  So too do Plaintiff's Rule 56.1 statements contain record facts, in this case with regard to marketing strategy and sales.

Not only should all of these materials be designated "judicial documents," as they are "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks and citation omitted).  The common law presumption of public access to the documents also should weigh heavily here, because the materials "directly

---

[2] *See, e.g.*, *Miss Universe, L.P. v. Villegas*, 672 F. Supp. 2d 575, 588–89, 594–95 (S.D.N.Y. 2009) (discussing lack of evidence showing actual consumer confusion against plaintiff's trademark infringement claim, and lack of evidence of association between trademarks against plaintiff's dilution claim under 15 U.S.C. § 1125(c)); *Yankee Publ'g Inc. v. News Am. Publ'g Inc.*, 809 F. Supp. 267, 274, 282 (S.D.N.Y. 1992) (discussing how defendant's publication made "a joke about the fundamental differences" between itself and plaintiff's publication, weighing against finding of trademark infringement or trademark dilution under New York law); *Cariou v. Prince*, 714 F.3d 694, 708–09 (2d Cir. 2013) (discussing "the effect of the secondary use" of a copyrighted work "upon the potential market for [or] the value of the copyrighted work," under 17 U.S.C. § 107, as favoring defendant against plaintiff's copyright infringement claim).

affect an adjudication" of the instant claims. *Id.* (internal quotation marks and citation omitted).

Accordingly, we seek to be relieved of the confidentiality agreement, so that we can submit unredacted versions of the documents referenced above.

We appreciate Your Honor's consideration.

Respectfully submitted,

David S. Korzenik

cc:   Counsel of Record via ECF