**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
LOUIS VUITTON MALLETIER, S.A.,

                      Plaintiff,

       -against-

MY OTHER BAG, INC.,
                  Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED 01/08/2016

**14 CIVIL** 3419 (JMF)

**JUDGMENT**

      Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton") having brought claims against Defendant My Other Bag, Inc. ("MOB") with respect to MOB totes that are concededly meant to evoke iconic Louis Vuitton bags.  More specifically, Louis Vuitton brings claims against MOB for trademark dilution and infringement under the Lanham Act, 15 U.S.C. § 1125(c);  a claim of trademark dilution under New York law; and a claim of copyright infringement, and whereas MOB having moved for summary judgment on all of Louis Vuitton's claims; and whereas Louis Vuitton having filed a cross-motion for summary judgment on its trademark dilution claims and its copyright infringement claim, and also moves to exclude the testimony of MOB's expert and to strike the declarations (or portions thereof) of MOB's expert and MOB's founder and principal, and the matter having come before the Honorable Jesse M. Furman, United States District Judge, and the Court, on January 6, 2016, having rendered its Opinion and Order (Doc. #119) Louis Vuitton is, by its own description, an "active[] and aggressive[]" enforcer of its trademark rights. (Louis Vuitton SOF paragraph 35). In some cases, however, it is better to "accept the implied compliment in [a] parody" and to smile or laugh than it is to sue. Tommy Hilfiger, 221 F. Supp. 2d at 412. This - like Haute Diggity Dog (and, arguably, Hyundai) - is such a case. MOB's use of Louis Vuitton's marks in service of what is an obvious attempt at humor is not likely to cause confusion or the blurring of the

distinctiveness of Louis Vuitton's marks; if anything, it is likely only to reinforce and enhance the distinctiveness and notoriety of the famous brand. Accordingly, and for the reasons stated in the Order, MOB is entitled to summary judgment on all of Louis Vuitton's claims; it follows that Louis Vuitton's own motion for partial summary judgment must be and is denied. In addition, Louis Vuitton's motions to preclude the expert testimony of William Locander (Docket No. 70) and to strike all or portions of Locander's and MOB CEO Martin's declarations (Docket Nos. 82, 84) are denied as moot, as the Court did not rely on any of the disputed submissions in resolving the parties' summary judgment motions. Finally, Louis Vuitton's motions for oral argument (Docket No. 96) and for a conference regarding its motion to preclude expert testimony (Docket No. 101) are also denied as moot; and directing the Clerk of Court to terminate Docket Nos. 50, 62, 70, 82, 84, 96, and 101 and to terminate this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated January 6, 2016, Louis Vuitton is, by its own description, an "active[] and aggressive[]" enforcer of its trademark rights. (Louis Vuitton SOF paragraph 35). In some cases, however, it is better to "accept the implied compliment in [a] parody" and to smile or laugh than it is to sue. Tommy Hilfiger, 221 F. Supp. 2d at 412. This - like Haute Diggity Dog (and, arguably, Hyundai) - is such a case. MOB's use of Louis Vuitton's marks in service of what is an obvious attempt at humor is not likely to cause confusion or the blurring of the distinctiveness of Louis Vuitton's marks; if anything, it is likely only to reinforce and enhance the distinctiveness and notoriety of the famous brand. Accordingly, and for the reasons stated in the Order, MOB is entitled to summary judgment on all of Louis Vuitton's claims; it follows that Louis Vuitton's own motion for partial summary judgment must be and is denied. In addition, Louis Vuitton's motions to preclude the expert testimony of William Locander (Docket No. 70) and to strike all or portions of

Locander's and MOB CEO Martin's declarations (Docket Nos. 82, 84) are denied as moot, as the Court did not rely on any of the disputed submissions in resolving the parties' summary judgment motions. Finally, Louis Vuitton's motions for oral argument (Docket No. 96) and for a conference regarding its motion to preclude expert testimony (Docket No. 101) are also denied as moot; accordingly, the case is closed.

**Dated:**  New York, New York
January 8, 2016

|  |  |
|---|---|
|  | **RUBY J. KRAJICK** |
|  | _____ |
|  | **Clerk of Court** |
| **BY:** | *K. Mango* |
|  | _____ |
|  | **Deputy Clerk** |